FRANKIE CHEEK BOYER · v. GEORGE W.· BOYER

No. 7521DC572

(Filed 5 November 1975)

Contempt of Court § 6— failure to make child support and house payment — sufficiency of findings

> The trial court's findings were sufficient to support its conclusion that defendant was in contempt of a court order to make child support payments and to make payments on a home owned by the parties as tenants by the entirety.

APPEAL by defendant from *Clifford, Judge.* Judgment entered 26 March 1975 in District Court, FORSYTH County. Heard in the Court of Appeals 21 October 1975.

On 10 May 1974 an order was entered requiring defendant, pending a final hearing on a motion relating to custody of his minor son, to pay $50 per week for the support of his minor daughter. The order also provided for plaintiff to have possession of the home owned by the parties as tenants by the entirety and "defendant should catch up any payments in arrears on said homeplace and should keep payments current on said home until the further orders of this Court." Defendant did not appeal from the order.

On 26 March 1975, pursuant to a show cause order and a hearing, the court entered an order finding, among other things, that defendant was $1,240 delinquent in making support payments required by the previous order and that he was three months delinquent in making house payments in the amount of $129 each. The court adjudged defendant in contempt and ordered that he be imprisoned until such time as he should purge himself of contempt by paying the $1,240 and the three house payments. Defendant appealed.

*Wilson and Morrow, by Alvin A. Thomas and John F. Morrow, for plaintiff appellee.*

*Carol L. Teeter for defendant appellant.*

BRITT, Judge.

Defendant's sole contention is that the facts found by the trial court are insufficient to support the order adjudging him in contempt. We find no merit in the contention. The court

found, among other things, that defendant had sold a business that he was engaged in for $24,000, that he had received $10,000 of the money and that the balance of $14,000 was being paid to him at the rate of $1,000 per month. The court further found that defendant is an able-bodied man, able to be gainfully employed, and able to comply with the orders previously entered in this cause. We hold that the findings are sufficient to support the conclusion of law and adjudication that defendant is in contempt of court.

Affirmed.

Judges VAUGHN and ARNOLD concur.