DONALD F. GOODSON, JR. v. PAULETTE GOODSON (AISTROP)

No. 7619DC524

(Filed 5 January 1977)

1. **Divorce and Alimony § 24; Infants § 9— modification of child custody decree**

   The modification of a child custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change in circumstances which has affected the welfare of the child.

2. **Witnesses § 8; Rules of Civil Procedure § 43; Appeal and Error § 42— hostile witness — leading questions — placing excluded testimony in record**

   In a hearing in which plaintiff father sought to gain custody of his child from the mother based in part on allegations of physical abuse of the child by the mother's present husband, the court erred in ruling that the mother's present husband was not a hostile witness and in denying plaintiff his right under G.S. 1A-1, Rule 43(b), to ask a hostile witness leading questions, and in refusing to permit counsel to insert in the record the answers to the questions to which objections were sustained; however, such errors were not prejudicial to plaintiff where the trial judge investigated the allegation of physical abuse by questioning the child in chambers and found that there had been no substantial change in circumstances to warrant a change in custody.

3. **Divorce and Alimony § 24— failure to return child to legal custodian — contempt — insufficiency of evidence**

   The evidence was insufficient to support the court's finding that plaintiff had refused to return the child to its mother, who had been given legal custody, and the court erred in holding defendant in contempt for refusing to return the child to its mother.

4. **Divorce and Alimony § 23— failure to pay child support — wilfulness**

   The evidence was sufficient to support a finding that plaintiff's failure to pay child support in accordance with a court decree was wilful where there was evidence that plaintiff was regularly employed during the entire period of delinquency and was presently able to comply with the order of the court.

5. **Divorce and Alimony § 23; Parent and Child § 7— child support decree — credit for voluntary expenditures**

   A parent is entitled to credit toward the amount of child support ordered by a court decree for expenditures incurred in behalf of the child only when equitable considerations exist which would create an injustice if such credit were not allowed.

Goodson v. Goodson

6. **Divorce and Alimony § 23; Parent and Child § 7— child support decree — credit for voluntary expenditures**

   A parent delinquent in child support payments is not entitled to credit for obligations incurred prior to the entry of the support order and is not entitled as a matter of law to a deduction proportionate to the amount of time spent with the child or to a credit for frivolous expenses or for expenses incurred in entertaining or feeding the child during visitation periods; however, credit is more likely to be appropriate for expenses incurred with the consent or at the request of the parent with custody and for payments made under compulsion of circumstances.

7. **Attorney and Client § 7; Divorce and Alimony § 22— child custody and support — attorney's fees — findings of fact**

   Findings of fact were not required to support an award of attorney's fees in an action for child custody and support. G.S. 50-13.6.

8. **Appeal and Error § 7— mother held in contempt — appeal by son**

   Plaintiff was not aggrieved by an order holding his mother in contempt for failing to return his child to defendant and had no standing to appeal in her behalf. G.S. 1-271.

APPEAL by plaintiff from *Faggart, Judge.* Order entered 31 March 1976 in District Court, CABARRUS County. Heard in the Court of Appeals 17 November 1976.

Plaintiff and defendant were divorced in December 1972. In March 1973 defendant-former wife was awarded custody of the only child of the marriage, Scott Goodson. Plaintiff-former husband was given visitation rights and was ordered to pay $30.00 per week to support the child. Instead, since that time he has paid $30.00 every other week.

On 21 March 1976, the child was visiting his paternal grandmother, Mrs. Dorothy Goodson, and his paternal great-grandmother, Mrs. Nan Queen. When defendant and her current husband came to get the child, Mrs. Goodson refused to let them have him. After consulting her attorney, the defendant phoned Mrs. Goodson and was again told that Scott would not be returned to her.

On 22 March, the defendant filed a motion in which she recited the above-related events and requested that the plaintiff, Mrs. Goodson, and Mrs. Queen be held in contempt of court for refusing to return the child and that the plaintiff also be held in contempt for failure to pay support each week as ordered. The arrearage at that time amounted to $1320.00. That same day the district court ordered the child returned to the defend-

Goodson v. Goodson

ant and ordered plaintiff, Mrs. Goodson, and Mrs. Queen to show cause why they should not be held in contempt.

On 26 March, plaintiff filed a response and a counterclaim. With respect to the arrearage, he alleged that he was entitled to credit for additional sums he had provided for food, clothing and medical care. He also asked for custody of the child, alleging that the defendant was "neither a fit nor suitable person" and that her continued custody "would endanger the life and well-being" of the child. Among the grounds for this claim was that on several occasions the plaintiff had seen bruises and contusions on the child which were believed to have been caused by the actions of defendant's current husband, Michael Aistrop.

Pertinent testimony taken at the hearing will be related in the body of the opinion. The judge dismissed the contempt citation against Mrs. Queen and found Mrs. Goodson in contempt but did not punish her. Plaintiff was found in contempt on both counts, but judgment was continued on the condition that he make up the arrearage in periodic payments and that he pay part of defendant's attorney's fees. Custody remained with the defendant.

Plaintiff appeals from this order.

*Fletcher L. Hartsell, Jr., for plaintiff appellant.*

*Davis, Koontz & Horton by James C. Davis for defendant appellee.*

CLARK, Judge.

Plaintiff first assigns error to that part of the order awarding custody to the defendant, contending that he was prevented from establishing a substantial change in circumstances. Plaintiff contends that the judge erred in ruling that the current husband of the defendant, Michael Aistrop, was not a hostile witness, in sustaining objections to material leading questions asked of Aistrop, and in refusing to allow answers to those questions to be entered in the record. Although we agree that the trial judge erred in these rulings and we do not condone his conduct, we find that plaintiff was not harmed by the errors.

[1]  The courts of this State have long held that in cases involving the custody of children, the trial judge is vested with broad discretion since he is in a position to see and hear the

parties and witnesses. *Tucker v. Tucker,* 288 N.C. 81, 216 S.E. 2d 1 (1975). The welfare of the child is the paramount consideration that must guide the court in exercising this discretion. *Blackley v. Blackley,* 285 N.C. 358, 204 S.E. 2d 678 (1974). The modification of a custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change in circumstances which has affected the welfare of the child. *Shepherd v. Shepherd,* 273 N.C. 71, 159 S.E. 2d 357 (1968).

The plaintiff's claim for custody was based in part upon allegations that his child, Scott, had been physically abused by Aistrop. Plaintiff's leading questions of Aistrop, to which objections were sustained, were designed to elicit information on the frequency and severity of corporal punishment administered to Scott by Aistrop.

[2] In the context of leading questions, a hostile witness is one whose sympathies lie with the opponent's cause. 3 Wigmore, Evidence § 774 (Chadbourn Rev. 1970). Aistrop was the husband of the woman whose interests were at issue in the action. His conduct formed a material part of the opposing party's claim. He testified that he "want(ed) her to keep custody of Scott." In these circumstances the trial court erred in ruling that Aistrop was not a hostile witness and in denying plaintiff his right under G.S. 1A-1, Rule 43(b) to ask a hostile witness leading questions. 1 Stansbury, N. C. Evidence § 31, p. 85 (Brandis Rev. 1973). The trial court further erred in refusing to permit counsel to insert in the record the answers to the questions to which objections had been sustained. *State v. McPherson,* 276 N.C. 482, 172 S.E. 2d 50 (1970).

However, we find that the plaintiff was not prejudiced by these errors. The trial court found as a fact that there had been no substantial change in circumstances to warrant a change in custody. The order discloses

> "That at the request of the plaintiff, and without objection by the defendant, the Court took the minor child into chambers and talked to him for some period of time in regard to the allegations of the plaintiff that the defendant's present husband, Michael Aistrop, had beaten the child."

The content of the examination in chambers does not appear in the record. However, it does appear that the subject was the

allegation that Aistrop had beaten the child. This was- also the subject of those questions about which the trial court committed error.

Where there is evidence which does not appear in the record on appeal, it will be presumed that the evidence supports the trial court's findings of fact. *Carter v. Carter,* 232 N.C. 614, 61 S.E. 2d 711 (1950) ; *Cobb v. Cobb,* 10 N.C. App. 739, 179 S.E. 2d 870 (1971). The trial judge investigated the allegation of physical abuse in ascertaining whether there had been a substantial change in circumstances which affected the welfare of the child. We find no merit in this initial assignment of error.

[3] Plaintiff next assigns error to the findings of fact that he had custody of the child after the defendant came to get him on 21 March 1976, and when the police picked the child up on 22 March 1976, and to the conclusion of law that he was in contempt for refusing to return the child to the defendant. Defendant's testimony was that the grandmother refused to return the child, and that defendant did not see the child until she picked him up at the police station. No evidence in the record identifies the person from whom the police got the child, nor establishes that plaintiff had custody of Scott during this period. The question of the sufficiency of the evidence to support the trial court's findings of fact may be raised on appeal. *Little v. Little,* 9 N.C. App. 361, 176 S.E. 2d 521 (1970). A finding by the court which is not supported by the evidence is not binding on appeal. *Schloss v. Hallman,* 255 N.C. 686, 122 S.E. 2d 513 (1961). Where there are insufficient findings to support an order, the cause must be remanded. *Bank v. Insurance Co.,* 265 N.C. 86, 143 S.E. 2d 270 (1965) ; *Smith v. Smith,* 248 N.C. 194, 102 S.E. 2d 868 (1958) ; *Boswell v. Boswell,* 241 N.C. 515, 85 S.E. 2d 899 (1955) ; *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971).

[4] Plaintiff next assigns error to that part of the order finding him in contempt for failure to pay child support. In order to hold a parent in contempt for failure to pay child support in accordance with a decree, the failure must be wilful. In order to find the failure wilful, there must be particular findings of the ability to pay during the period of delinquency. *Smith v. Smith, supra.* Plaintiff contends that there is insufficient evidence to find that the failure was wilful. We disagree. There

was evidence, and the court so found as a fact, that plaintiff had been regularly employed during the entire period of delinquency and was presently able to comply with the order of the court. We find no merit in this assignment of error.

[5, 6]  Plaintiff next assigns error to the order that he pay the full $1320.00 arrearage in child support. Plaintiff contends that he is entitled to credit against his obligation under the order for certain expenses incurred for clothing, food, recreation, and medical treatment. No cases were cited to the Court nor have any been found in which our courts have either denied or allowed credit for such voluntary expenditures. There is a clear division of authority in other jurisdictions. Annot., 47 A.L.R. 3d 1031 (1973). We think that the better view allows credit when equitable considerations exist which would create an injustice if credit were not allowed. Such a determination necessarily must depend upon the facts and circumstances in each case. We cannot begin to detail every case in which credit would or would not be equitable. However, since we are enunciating this principle for the first time in this State, we feel a duty to offer some guidelines for the trial judge. The delinquent parent is not entitled as a matter of law to credit for all expenditures which do not conform to the decree. Nor should the delinquent parent be entitled to credit for obligations incurred prior to the time of the entry of the support order. The record indicates that some of plaintiff's payments for medical treatments may fall into this category. The delinquent parent is not entitled as a matter of law to a deduction proportionate to the amount of time spent with the child. Credit is not likely to be appropriate for frivolous expenses or for expenses incurred in entertaining or feeding the child during visitation periods. Many of the payments claimed by this plaintiff for recreation and miscellaneous seem to fall within these categories. Credit is more likely to be appropriate for expenses incurred with the consent or at the request of the parent with custody. Payments made under compulsion of circumstances are also more likely to merit credit for equitable reasons. The medical payments for Scott's tonsillectomy and related treatment would seem to fall within this category. See 47 A.L.R. 3d, *supra,* at §§ 5, 6, 7, 15-19. We emphasize that these are not hard and fast rules, and that the controlling principle is that credit is appropriate only when an injustice would exist if credit were not given.

Goodson v. Goodson

In the present case plaintiff requests credit for voluntary payments in the amount of $1,768.25. We remand for the trial court to determine, in accordance with this opinion, what expenditures, if any, the plaintiff is entitled to credit against the arrearage of $1,320.00.

[7] Plaintiff next assigns error to the order awarding defendant attorney's fees. Plaintiff's contention that under G.S. 50-13.6 findings of fact are required to support such an award in an action for custody and support has previously been determined to be without merit. *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975) ; *Fellows v. Fellows,* 27 N.C. App. 407, 219 S.E. 2d 285 (1975).

[8] Plaintiff next assigns error to the conclusion that the grandmother, Mrs. Dorothy Goodson, was in contempt for refusing to return the child to his mother. The court did not punish Mrs. Goodson for the contempt. Plaintiff was not aggrieved by the contempt order against Mrs. Goodson and has no standing to appeal in her behalf. G.S. 1-271; *Boone v. Boone,* 27 N.C. App. 153, 218 S.E. 2d 221 (1975). We find no merit in this assignment of error.

Plaintiff also assigns error to the admission of testimony at trial without a jury of a minister expressing an opinion on the type of life led by defendant and her husband. We find no merit to this assignment of error. 1 Stansbury, *supra,* § 124, p. 388.

We vacate those parts of the order finding plaintiff in contempt for refusing to return Scott to the defendant and directing him to pay the full arrearage in child support, and this cause is remanded for proceedings consistent with this opinion.

Affirmed in part.

Vacated in part and remanded.

Judges MORRIS and ARNOLD concur.