MASLIN H. RUSS v. ZACK RUSS, JR.

No. 7827DC1104

(Filed 18 September 1979)

**Divorce and Alimony § 19.1— modification of alimony order—condition of payment of arrearages—no jurisdiction to order**

> Where plaintiff brought an action to enforce an alimony and child support arrearage judgment given by a Florida court, defendant counterclaimed for a reduction in alimony, and the actions were severed with defendant's action being transferred to district court, the trial court erred in conditioning a reduction of alimony upon defendant's payment of arrearages, since the matter of arrearages was not before the court at the trial of defendant's counterclaim.

APPEAL by defendant from *Bulwinkle, Judge.* Order entered 19 July 1978 in District Court, GASTON County. Heard in the Court of Appeals 21 August 1979.

The parties were divorced in Florida in 1965, and alimony of $600 per month was awarded to plaintiff. In November 1977 plaintiff brought suit against defendant in the Superior Court of Gaston County to enforce an alimony and child support arrearage judgment given by a Florida court. Defendant counterclaimed for a modification of the amount of prospective alimony, as permitted by G.S. 50-16.9(c).

Subsequently, defendant moved to transfer the action to District Court, pursuant to G.S. 7A-244. The court found that the plaintiff's action did not come within G.S. 7A-244 (actions for annulment, divorce, alimony, child support, and child custody), but that defendant's counterclaim did. Accordingly, the counterclaim was severed and heard in the District Court. The trial court found a change in circumstances sufficient to justify the reduction of alimony to $300 per month, but conditioned the reduction upon defendant's payment of his alimony arrearages. From this judgment defendant appeals.

*Jeffrey M. Guller for plaintiff appellee.*

*Garland & Alala, by Richard L. Voorhees, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred in making findings of fact and conclusions of law pertaining to arrearages he allegedly owed, and in conditioning the reduction of alimony upon defendant's payment of these arrearages. We agree.

G.S. 50-16.9(c) provides that a court of this state with personal jurisdiction over both parties may, upon a showing of changed circumstances, modify the alimony order of another jurisdiction. At the trial of defendant's counterclaim, the court found a substantial change of circumstances, and concluded that the change was such that the alimony payments should be reduced by half.

The court's additional findings and conclusions relating to arrearages on defendant's part have no basis in the evidence. That matter was not before the court at the trial of defendant's counterclaim; plaintiff's action for enforcement of the Florida arrearage judgment remained in the Superior Court after severance. No evidence as to arrearages was presented at trial. The trial court apparently based his findings and conclusions upon information contained in plaintiff's complaint in the original action, but this information should not have been before the District Court. Since these findings and conclusions have no basis in the evidence properly before the court, they cannot stand. *See Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977).

When these improper findings and conclusions are disregarded, the court's order holds that defendant is entitled to have his alimony payments reduced to $300 per month. The trial court's order as so modified is affirmed.

Modified and affirmed.

Judges HEDRICK and VAUGHN concur.