GAIL IVEY LYNN v. RONALD DALE LYNN

No. 7926DC419

(Filed 4 December 1979)

**Divorce and Alimony §§ 24, 24.4— child support—credit for cost of furnace—contempt for violation of support order**

The trial court did not err in granting defendant credit toward his child support payments for a portion of the cost of a furnace installed by defendant at plaintiff's request in the residence occupied by plaintiff and the children where the obligation for the furnace was incurred after the child support order was entered. However, even though the effect of the court's award of such credit to defendant was to make defendant current with respect to his support obligations, the court could nevertheless find defendant in contempt for his willful refusal to make the child support payments when due in violation of the court's support order and without lawful excuse.

APPEAL by defendant from *Cantrell, Judge.* Judgment entered 3 April 1979 in District Court, MECKLENBURG County. Heard in the Court of Appeals 24 October 1979.

Plaintiff brought this action by way of a motion in the cause in which she alleged defendant wilfully violated a consent judgment providing for custody and support of their minor children. The consent judgment, filed 17 November 1978, granted plaintiff custody of the children and required defendant to pay child support in the sum of $125 per month beginning 1 October 1978, and adjusting the amount every few years. On 16 February 1979 plaintiff filed a motion to require the defendant to appear and show cause why he should not be held in contempt for wilful failure to pay the child support ordered in the consent judgment. Defendant filed a reply and counterclaim, in which he denied that he failed to abide by the terms of the consent judgment and alleged that he had installed a new furnace in the residence occupied by the plaintiff and their children at plaintiff's request for the benefit of the children. Defendant stated that he was currently unemployed, but upon reemployment would resume the ordered support payments.

While the record discloses that at the show cause hearing evidence was presented by both parties, none of this evidence appears in the record. The trial judge made findings of fact in which she found defendant in wilful contempt, granted defendant credit

against the arrearage of support payments based on the cost of installation of the furnace and awarded counsel fees to plaintiff. Defendant has appealed from the contempt, counsel fee, and credit portions of the trial court's order. Plaintiff has cross-appealed from the credit portion of the order.

*J. Reid Potter for plaintiff appellee.*

*Ronald Williams for defendant appellant.*

WELLS, Judge.

In her findings of fact the trial court determined that the defendant had not met his obligations under the consent judgment in that he failed to pay the plaintiff the required $125 monthly support payment for the months of January, February, and March of 1979. The court further found that at plaintiff's request, which was made prior to the entry of the consent judgment, defendant had installed a furnace in the residence occupied by plaintiff and their children, at a cost of $515 and that defendant was entitled to a credit for part of that expenditure against his child support obligations. The trial court then concluded that defendant's failure to pay the child support payments in arrears was in contempt of court, but that defendant should be credited with $375 against the support obligations for the installation of the furnace, and the court ordered defendant to pay the sum of $200 in attorney's fees to plaintiff's counsel. The effect of this allowance of credit by the court was to make the defendant's support payments current as of the time of the hearing.

The court ordered that the defendant make all of the support payments required under the consent judgment from the date of the 3 April 1979 order. Based upon her finding that the defendant was in wilful contempt, the trial court ordered defendant to put up for sale certain real property owned by the defendant in Mecklenburg County and that such property should be sold forthwith. The court further ordered that if the amount received from the sale of the property was less than $5,000, the entire amount received was to be paid into the clerk of Superior Court as a performance bond for defendant's support obligations, and if the amount received from the sale of the property was in excess of $5,000, the defendant should post a performance bond with the clerk in the amount of $5,000.

Defendant contends that the trial court erred in holding him in contempt, since as a result of the credit he was given by the trial court for the cost of installing the furnace, defendant was in actuality found to be current in his support obligations. He also argues that the court committed error in granting him only partial credit of $375, when the evidence showed that the reasonable value of the furnace was $515. Defendant contends that since the evidence did not justify the court's finding him in wilful contempt, it was error for the court to order him to pay the plaintiff's counsel fees in the action.

Plaintiff assigns as error the granting of credit to the defendant against the child support obligations for the installation of the furnace, arguing that the evidence did not show that she ever agreed that the installation of the furnace would be in lieu of or could substitute for the child support payments. Furthermore, plaintiff contends the evidence showed that the defendant had agreed to install the furnace before the consent judgment was ever entered.

Since there is no narration of evidence in the record we must accept the trial court's findings of fact as being supported by the evidence. *Fellows v. Fellows*, 27 N.C. App. 407, 219 S.E. 2d 285 (1975). We must therefore apply the law to those findings of fact as they appear in the record.

The defendant did not make his January, February, or March support payments. He could have made the payments. If we stop here, his failure is wilful and contempt lies. The issue therefore narrows to the sole question of the credit allowed for the furnace. The question of support payment credits was before this Court in *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977). In *Goodson*, the father claimed credit for voluntary expenditures for clothing, food, recreation, and medical treatment for the children. The *Goodson* Court, finding no North Carolina precedent and a division of authority in other jurisdictions, established guidelines to be followed in such cases. We quote in pertinent part from that decision:

> We think that the better .view allows credit when equitable considerations exist which would create an injustice if credit were not allowed. Such a determination necessarily must depend upon the facts and circumstances in each case. We can-

not begin to detail every case in which credit would or would not be equitable. However, since we are enunciating this principle for the first time in this State, we feel a duty to offer some guidelines for the trial judge. The delinquent parent is not entitled as a matter of law to credit for all expenditures which do not conform to the decree. Nor should the delinquent parent be entitled to credit for obligations incurred prior to the time of the entry of the support order. * * * The delinquent parent is not entitled as a matter of law to a deduction proportionate to the amount of time spent with the child. Credit is not likely to be appropriate for frivolous expenses or for expenses incurred in entertaining or feeding the child during visitation periods. * * * Credit is more likely to be appropriate for expenses incurred with the consent or at the request of the parent with custody. Payments made under compulsion of circumstances are also more likely to merit credit for equitable reasons. * * * We emphasize that these are not hard and fast rules, and that the controlling principle is that credit is appropriate only when an injustice would exist if credit were not given.

32 N.C. App. at 81, 231 S.E. 2d at 182. *See also*, Note, *Survey of Developments in North Carolina Law, 1977*, 56 N.C. L. REV. 843, 1050-51 (1978).

The trial court found as a fact that the request for installation of the furnace was made by plaintiff prior to the entry of the consent judgment on 17 November 1978, which established the monthly support obligations. One of the guidelines announced in *Goodson* was that credit should not be allowed for obligations incurred *prior* to the time of the entry of the support order. The trial court explicitly found with respect to defendant's installation of the furnace that the "obligation incurred in such installation was subsequent to said Order with the [p]laintiff's consent." We are bound by the trial court's finding of fact on this point, and the court was therefore justified in awarding defendant credit for installing the furnace. Pursuant to our holding in *Goodson*, the trial court had wide discretion in deciding exactly how much credit to award and we see no abuse of discretion here.

However, although the *effect* of the trial court's award of credit to the defendant was to make the defendant current with

---

respect to the support payments, the trial court could have nevertheless found defendant in contempt for having wilfully refused to make the support payments when due in violation of the order and without justifiable excuse. Since the court found that defendant had the ability to make the required payments but wilfully failed to make them, these findings were sufficient in themselves to justify the court's conclusion as to contempt. *Boyer v. Boyer*, 27 N.C. App. 422, 219 S.E. 2d 252 (1975). That equity may dictate that defendant be given credit for providing plaintiff with an appliance requested by her does not excuse defendant from wilfully violating the explicit terms of a judicial order.

Plaintiff is entitled to rely on defendant's regular and continuous monetary payments to meet her daily expenses. The record is void of any finding by the trial court that both plaintiff and defendant agreed that the furnace be provided in substitution for support payments, and the trial court was therefore justified in finding a wilful violation of the order. A party bound by court order to make payments to another party may not, without risk of violation, unilaterally modifiy the form of compensation provided in the order. Accordingly, the trial court could properly find defendant in contempt and order defendant to pay plaintiff her reasonable attorney's fees.

Affirmed.

Judges ARNOLD and WEBB concur.