SUSAN CRANK JONES v. REGINALD TIMOTHY JONES

No. 8014DC772

(Filed 19 May 1981)

**1. Divorce and Alimony § 24.1 — child support — credit for voluntary expenditures**

The trial court did not err in allowing defendant credit against his child support obligation for certain expenses for clothing, food and day care which he incurred for the children during their visitation with him, and there was no merit to plaintiff's contention that the trial court erred in allowing the credit since debt payments were made to parties other than as specified in the support order and the child support payments deducted by defendant were proportionate to the visitation time he spent with the children.

**2. Divorce and Alimony § 24.4 — voluntary expenditures deducted from child support payments — no contempt**

The element of willfulness is required for a finding of civil contempt under G.S. 50-13.4(f)(9) and G.S. 5A-21, and evidence before the trial judge was sufficient to support his conclusion that defendant was not in willful contempt of court by deducting from his child support payments made to plaintiff amounts representing voluntary expenditures for needs of the parties' children while they were visiting him.

APPEAL by plaintiff from *Pearson, Judge.* Order entered 19 March 1980 in District Court, DURHAM County. Heard in the Court of Appeals 4 March 1981.

Pursuant to a judgment entered 6 January 1977, plaintiff and defendant were divorced and plaintiff was awarded custody of the three minor children of the parties. Under this court order defendant was granted liberal visitation privileges and ordered to pay the sum of $325 per month to the plaintiff for child support.

On 3 August 1979 plaintiff filed an amended motion and affidavit, with the court's permission, seeking to hold defendant in contempt for failure to make the child support payments as previously ordered by the court. Based upon plaintiff's motion and affidavit, that same day the district court ordered defendant to show cause why he should not be held in contempt for failure to pay child support as directed for the months of June and July, 1977 and June and July, 1979.

Following a hearing on 13 August 1979, the court entered an order based upon the following pertinent facts:

"4. That there was in effect at all times pertinent to the Plaintiff's claim in her Motion a valid and enforceable Judgment and Order of the District Court of Durham County, North Carolina, dated January 6, 1977, granting custody and control of the parties' three (3) minor children to the Plaintiff, allowing the Defendant liberal visitation privileges and providing:

'3. That the defendant is ordered to pay the sum of Three Hundred Twenty-Five Dollars ($325.00) per month to the plaintiff for the support of the minor children.'

5. That the Defendant paid the following amounts of child support to the Plaintiff for the months indicated:

| | |
|---|---|
| June 1977 | $216.50 |
| July 1977 | 108.00 |
| June 1979 | 100.00 |
| July 1979 | 175.00 |

and that these amounts are $700.50 less than the amount ordered in the Court's Judgment for these months.

6. That the Plaintiff did not consent to a reduction of child support payments for the indicated months and made both oral and written demands on the Defendant to pay the court ordered amount for the four months in question, which demands the Defendant refused.

7. That the Defendant has been employed by Southern Bell since prior to June, 1977, is an able-bodied man with a present salary of $25,900.00 gross per year and that from March, 1979, until just prior to the hearing, the Defendant was earning $24,000.00 gross per year.

8. That the Defendant during the period he earned $24,000.00 gross per year estimated that his total taxes amounted to 20% of his gross, and his listed expenses, exclusive of child support, were $1,148.00 per month; that the Defendant's income has increased by $1,900.00 gross per year and that he is awaiting his first paycheck reflecting this increase at the time of hearing; that the Defendant has savings and checking accounts totalling approximately $890.00; and, that the Defendant presently possesses the means to comply with the court order of $325.00 per month child support for June and July of 1977 and 1979.

\* \* \* \*

10. That in the exercise of his visitation privileges as provided in the Judgment dated January 6, 1977, the Defendant had his three children visit him at his home six weeks in June and July of 1977, three weeks in June, 1979, and two weeks in July, 1979.

11. That the reductions in the monthly amount of child support made by the Defendant to the Plaintiff, found in Paragraph 5, *supra*, were reductions willfully and intentionally made by the Defendant unilaterally and without the consent of the Plaintiff and were based upon the proportionate time that the children spent with the Defendant in June and July of 1977 and 1979, as found in Paragraph 10, *supra*.

12. That the Defendant, while the children were visiting him as found in Paragraph 10, *supra*, paid that proportionate share of child support not paid to the Plaintiff as found in Paragraph 11, *supra*, for the following items and to the following persons:

| Item | Paid to | Amount |
| --- | --- | --- |
| Clothing | Various clothing stores | $  90.00 (approx.) |
| Food | Various grocery stores | Not known |
| Day Care: July, 1979 (2 weeks) | Chatalon Day Care | 150.00 |

Jones v. Jones

| Day Care Activities (movies, roller skating, swimming) | Chatalon Day Care (approx. $2.75/child/day) | Not known |
|---|---|---|
| Day Care | Mrs. Hill | 60.00 |
| YMCA | Tanglewood YMCA | 90.00 |
| Mr. Jones: expenses for psychological counseling | Durham Family Clinic | (approx.) 190.00 |
| | | $ 580.00 (approx. known amount) |

*   *   *   *

14. That the Plaintiff is presently employed by the National Lutheran Campus Ministry and receives $135.00 gross per week, and that her net income is $440.00 per month plus whatever child support the Defendant sends her.

15. That the Plaintiff also qualifies for public assistance from the Durham Housing Authority in the amount of $130.00 per month based upon her aforesaid income and child support in the amount of $325.00 per month as set out in the Judgment; that the said $130.00 per month is paid directly to her landlord and not to her; and that the children, due to the Plaintiff's income, are eligible for decreased rate lunches at school.

16. That the Plaintiff's itemized monthly expenses for herself and her children amount to $1,309.50 per month and she has additional medical and other bills on herself and the children amounting to $1,736.00 which she is unable to pay."

From these facts the court concluded that, although Plaintiff did not consent to any reduction in child support, the expenditures made by defendant for the children during their visitation with him satisfied his obligation to the plaintiff for child support under the Judgment and Order dated 6 January 1977. The court further

concluded that defendant was not in contempt of court and dismissed plaintiff's motion and order to show cause.

Plaintiff appeals from this order.

*R. Michael Pipkin for plaintiff appellant.*

*No counsel contra.*

CLARK, Judge.

[1] Principally relying on this Court's opinion in *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977), appellant argues that the trial judge committed error in allowing defendant credit against his child support obligation for certain expenses he incurred for the children during their visitation with him.

The *Goodson* court, for the first time in this State, established guidelines for a trial judge in making the decision of whether to allow credit to a delinquent parent for expenditures made on behalf of dependents. In pertinent part the court stated as follows:

"We think that the better view allows credit when equitable considerations exist which would create an injustice if credit were not allowed. Such a determination necessarily must depend upon the facts and circumstances in each case. We cannot begin to detail every case in which credit would or would not be equitable. However, since we are enunciating this principle for the first time in this State, we feel a duty to offer some guidelines for the trial judge. The delinquent parent is not entitled as a matter of law to credit for all expenditures which do not conform to the decree. Nor should the delinquent parent be entitled *to* credit for obligations incurred prior to the time of the entry of the support order. . . . The delinquent parent is not entitled as a matter of law to a deduction proportionate to the amount of time spent with the child. Credit is not likely to be appropriate for frivolous expenses or for expenses incurred in entertaining or feeding the child during visitation periods. . . . Credit is more likely to be appropriate for expenses incurred with the consent or at the request of the parent with custody. Payments made under compulsion of circumstances are also more likely to merit credit for equitable reasons. . . . We emphasize that these are not hard and fast rules, and that the

controlling principle is that credit is appropriate only when an injustice would exist if credit were not given."

*Id.* at 81, 231 S.E. 2d at 182.

Appellant contends the trial court erred in allowing the credit since debt payments were made to parties other than as specified in the court order and the child support payments deducted by defendant were proportionate to the visitation time he spent with the children. Appellant does not assert that the trial court's order is not supported by the evidence. Instead, she argues that because *Goodson* states that a party is not entitled as a *matter of law* to these deductions, then a trial court would be in error to ever allow credit in this manner regardless of the circumstances.

We do not agree. The *Goodson* court emphasized, and we now reiterate, that these situations are not bound by hard and fast rules, but are to be decided according to the equitable considerations of the facts and circumstances in each case. A paramount aim of the trial judge in allowing or disallowing a credit is to avoid injustice to either party. Not every expense incurred by the non-custodial parent is worthy of an equitable adjustment in the basic child support obligation. Indeed, under certain circumstances, we recognize that any adjustment at all in the amount of child support would do an injustice to the custodial parent, who is entitled to rely on the continuation of monetary payments to defray necessary living expenses for the children. However, we also acknowledge that the equities may dictate that a credit should be given. The trial court has a wide discretion in deciding initially whether justice requires that a credit be given under the facts of each case and then in what amount the credit is to be awarded. *See, Lynn v. Lynn*, 44 N.C. App. 148, 260 S.E. 2d 682 (1979).

In the case at hand, we find no abuse of the trial court's discretion based upon the circumstances revealed by this record.

[2] Appellant also argues that the trial judge erred in concluding that defendant was not in contempt of court. She contends that once she established, and the court found, that there was an order in force whose purpose may still be served by the defendant's compliance, that defendant willfully refused to pay the ordered

child support, and that defendant had the present means to comply with the court's order, then the court was precluded from reaching its conclusion that defendant was not in contempt of court.

Appellant is correct that under the above findings the court could have concluded that defendant was in contempt even though he was given credit for unauthorized expenditures for the children. *See Lynn v. Lynn, supra.* However, we do not agree that the trial judge was thereby compelled to find defendant in contempt.

The willful disobedience of an order for the payment of child support renders one subject to proceedings for contempt. G.S. 50-13.4(f)(9). Willful disobedience has been variously defined by our courts as disobedience "which imports knowledge and a stubborn resistance," *Mauney v. Mauney*, 268 N.C. 254, 257, 150 S.E. 2d 391, 393 (1966); and as " 'something more than an intention to do a thing. It implies the doing the act purposely and deliberately, indicating a purpose to do it, without authority — careless whether he has the right or not — in violation of law . . . .' " *West v. West*, 199 N.C. 12, 15, 153 S.E. 600, 602 (1930). Upon a similar factual situation to the case at hand, the court, in *Jarrell v. Jarrell*, 241 N.C. 73, 84 S.E. 2d 328 (1954), held that the evidence failed to show willful contempt where the father in good faith unilaterally reduced his court ordered child support payments during the weeks his minor child was living with him.

It is true that the foregoing cases were decided under a prior contempt statute which defined contempt as "willful disobedience of any process or order lawfully issued by any court." G.S. 5-1(4) (1969) (now repealed). The version of G.S. 50-13.4(f)(9) then in effect similarly provided "The willful disobedience of an order for the payment of child support shall be punishable as for contempt as provided by G.S. 5-8 and 5-9." G.S. 50-13.4(f)(9) (1975) (since rewritten). The present version of each statute omits the language of willfulness. "An order for the payment of child support is enforceable by proceedings for civil contempt. . . ." G.S. 50-13.4(f)(9), as amended 1977 N.C. Sess. Laws Ch. 711 § 26 (effective 1 July 1978). The new contempt statute provides:

"Failure to comply with an order of a court is a continuing civil contempt as long as:

(1) The Order remains in force;

(2) The purpose of the order may still be served by compliance with the order; and

(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order."

G.S. 5A-21(a) (1979 Cum. Supp.).

Notwithstanding this omission in the new statutes, we believe the element of willfulness must be retained by implication. That the element of willfulness goes to the very essence of any contempt is made manifest by the following commonly accepted definitions of the term: "A willful disregard or disobedience of a public authority," Black's Law Dictionary 390 (4th Ed. 1951); "[W]illful disobedience to or open disrespect of the valid rules, orders, or process or the dignity or authority of a court or a judge acting in a judicial capacity whether by contumacious or insolent language, by disturbing or obstructive conduct, or by mere failure to obey the order of the court . . . ," Webster's Third New International Dictionary 491 (1968). Further, the intent to retain the requirement of willfulness is confirmed by one of the former members of the North Carolina Criminal Code Commission, the body which recommended the present Chapter 5A. Billings, *Contempt, Order in the Courtroom, Mistrial*, 14 Wake Forest L. Rev. 909, 910, 917, 920 (1978). *Accord* 2 R. Lee, North Carolina Family Law § 166 (1980). Finally, we note that this court has, on at least one prior occasion, assumed without deciding that the element of willfulness remained a requisite for a finding of civil contempt under G.S. 5A-21. *See Lowder v. Mills, Inc.*, 45 N.C. App. 348, 263 S.E. 2d 624 (1980), *reversed on other grounds*, 301 N.C. 561, 273 S.E. 2d 247 (1981).

On the foregoing basis we conclude that the acts of the defendant were not subject to contempt proceedings under G.S. 50-13.4(f)(9) and 5A-21 unless willful.

In proceedings for contempt the court's findings of fact are conclusive on appeal when supported by any contempt evidence. Our review on appeal is limited to ascertaining their sufficiency to warrant the judgment. *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d

129 (1978). We find that the evidence before the trial judge was sufficient to support his conclusion that defendant was not in willful contempt of court.

Affirmed.

Judges ARNOLD and MARTIN (Harry C.) concur.