DIANE D. EVANS v. JERALD G. CRADDOCK

No. 821DC401

(Filed 5 April 1983)

1. **Divorce and Alimony § 24.9 — child support order — remand for proper findings and conclusions**

    A child support proceeding is remanded for appropriate findings of fact and conclusions of law on issues of defendant father's income and expenses and the reasonable needs of the child where the trial court's finding as to defendant's net monthly income and his reasonable monthly expenses was not supported by the evidence, and where the trial court's finding as to the reasonable needs of the child was based upon the mother's financial affidavit which used an impermissible mathematical formula to calculate the child's needs by totalling the expenses for herself, her current husband and the child and then dividing by three.

2. **Divorce and Alimony § 24.1 — child support — credit for amounts spent during child visitation**

    The trial court did not err in failing to give defendant credit on child support payments for the time the child spends with him some four to five weeks each year.

3. **Divorce and Alimony § 24.1 — child support — evidence as to reasons for separation**

    Evidence as to why plaintiff left defendant and took the child when the parties separated had no bearing on the child support issue and was properly excluded by the trial court.

**4. Divorce and Alimony § 24.1— child support—necessity for private school tuition—remand for findings**

A child support proceeding is remanded for a determination as to whether private school tuition is a reasonable need of the child and whether defendant father should be required to pay such tuition.

**5. Divorce and Alimony § 27— child support proceeding—attorney fees—amendment of complaint**

The trial court in a child support proceeding erred in refusing to permit plaintiff to amend her complaint to include allegations concerning attorney fees in order to conform the complaint to the evidence and in denying attorney fees to plaintiff because there was no allegation or prayer for them in her complaint, and the cause is remanded for a determination as to whether plaintiff is entitled to attorney fees because she has insufficient means to defray the costs of the action and the defendant has refused to provide adequate support. G.S. 1A-1, Rule 15(b); G.S. 50-13.6.

APPEAL by both parties from *Chaffin, Judge.* Judgment entered 21 January 1982 in District Court, CHOWAN County. Heard in the Court of Appeals 17 February 1983.

Both parties appeal from an order requiring the defendant to pay $500 per month to the plaintiff for the support of their minor child, and to pay all of the child's medical, dental, and educational expenses until emancipation of the child. The plaintiff appeals only from the part of the award that denied her attorney's fees.

One child was born of the marriage of the parties in 1973. She lived with both parents until February, 1977 when they separated. The child has lived with the plaintiff since the separation.

The parties were divorced in March, 1978. The plaintiff remarried in December, 1979. The defendant is single.

No separation agreement was executed by the parties. Although there was never a written child support agreement, the defendant paid the plaintiff $150 per month in child support from the separation of the parties in 1977 until this action was filed in 1981.

The defendant noted exceptions to a number of findings of fact in the order below. Among them were that the minor child's needs were $725 per month, that the plaintiff is limited in her ability to contribute to the support of the child, that the defend-

ant's reasonable monthly expenses do not exceed $1,200 per month, and that the defendant is able to pay the amount ordered.

*W. T. Culpepper, III, for plaintiff-appellee.*

*Earnhardt & Busby, by Charles T. Busby, for defendant-appellant.*

ARNOLD, Judge.

## Defendant's Appeal

The defendant first attacks the reasonableness of the trial court's award. G.S. 50-13.4(c) states the standard for setting the amount of child support:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

The conclusions of the court must

> "be based upon factual findings specific enough to indicate to the appellate court that the judge below took . . . [the factors listed in the statute into consideration] . . . ."

> It is not enough that there may be evidence in the record sufficient to support findings which *could have been made.* The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal.

*Coble v. Coble,* 300 N.C. 708, 712-13, 268 S.E. 2d 185, 189 (1980) (emphasis in the original).

An order for child support is a question of fairness to all parties involved. *Walker v. Walker,* 38 N.C. App. 226, 228, 247 S.E. 2d 615, 616 (1978). It will not be disturbed on appeal absent an abuse of discretion by the trial judge, *Wyatt v. Wyatt,* 32 N.C. App. 162, 164, 231 S.E. 2d 42, 43 (1977), or if there is competent

evidence to support it, even if there is conflicting evidence. *Crosby v. Crosby*, 272 N.C. 235, 238, 158 S.E. 2d 77, 80 (1967).

[1] Our examination of the record leads us to conclude that a number of the findings of fact and conclusions of law are unsupported by competent evidence.

First, finding of fact 10 states that the defendant's net monthly income is $1910 and that his reasonable monthly expenses do not exceed $1200. These figures are not supported by the evidence.

The defendant's affidavit of financial standing listed his net monthly wages as $1626 and expenses at $1620. In fact, a certified statement of the defendant's salary by the Coast Guard, plaintiff's exhibit four, listed defendant's net wages as $1625.66.

Second, the plaintiff's amended financial affidavit uses an impermissible mathematical formula to calculate the child's needs. The trial judge found as a fact that the child had reasonable needs of $725 per month, which is the figure in the plaintiff's affidavit.

In arriving at that figure, the plaintiff totaled the expenses for herself, her current husband and the child and then divided by three. This is unfair to the defendant because it requires him to pay for the support of others than the child.

The trial judge should have made findings about the reasonableness of the plaintiff's figures in her affidavit. As *Coble* stated, a mere showing in an affidavit that expenses are greater than income does not mean that they are reasonable. "While a lack of a specific conclusion as to reasonableness will not necessarily be held for error, the better practice is for the order to contain such a conclusion." 300 N.C. at 714, 268 S.E. 2d at 190.

[2] The evidence showed that the child resides with the defendant for four to five weeks each year. The defendant argues that he should be given credit on any child support payments for time that the child spends with him.

In *Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981), the court considered this question. In upholding a reduction in child support for time spent with a supporting spouse, *Jones* said "The trial court has a wide discretion in deciding initially

whether justice requires that a credit be given under the facts of each case and then in what amount the credit is to be awarded." 52 N.C. App. at 109, 278 S.E. 2d at 264.

*Jones* relied on *Goodson v. Goodson,* 32 N.C. App. 76, 231 S.E. 2d 178 (1977), a case which considered this issue. According to *Goodson,* "the better view allows credit when equitable considerations exist which would create an injustice if credit were not allowed." 32 N.C. App. at 81, 231 S.E. 2d at 182.

Although the defendant argues that the facts here justify credit for the time the child spent with him, we find no abuse of discretion by the trial judge in not giving him that credit. As *Goodson* stated and as *Jones* repeated, "Credit is not likely to be appropriate for frivolous expenses or *for expenses incurred in entertaining or feeding the child during visitation periods.*" 32 N.C. App. at 81, 231 S.E. 2d at 182; 52 N.C. App. at 108, 278 S.E. 2d at 263 (emphasis added).

[3]   The defendant makes two additional arguments. He first contends that he should have been allowed to present evidence on why the plaintiff left him and took the child when the parties separated in 1977. This contention has no bearing on the child support issue and it was proper not to consider it.

[4]   Finally, the defendant argues that he cannot be required to pay his child's private school expenses. The evidence shows that the defendant paid the tuition for the semester prior to the hearing and that he paid the enrollment fee of $150 for the previous year.

G.S. 50-13.4(c) does not directly address this issue. But it does provide that child support payments shall "meet the reasonable needs of the child for . . . education . . . having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties . . . and other facts of the particular case."

The evidence to support an award of private school tuition is not clear from the record before us. Although there is evidence to show that the defendant voluntarily paid part of the tuition in the past, the defendant's financial affidavit does not show clearly that he can pay the entire tuition in the future.

In addition, the trial judge found as a fact that the child has been hyperactive since birth in the same finding in which he

stated the cost of the private school. By implication, this indicates that the private school education is a reasonable need of the child.

But the only evidence supporting the finding that the child was hyperactive was an unsupported statement by the plaintiff that the child "was classified as super hyperactive when she was born." This is insufficient evidence upon which a finding of hyperactivity can be based and that such hyperactivity requires a private school education for the child.

On remand, the G.S. 50-13.4(c) factors should be considered to determine if the defendant should pay private school tuition. The trial judge should also determine if the defendant agreed to pay the tuition and if public schools in the area could provide any special needs of the child. *See also* Annot., 56 A.L.R. 2d 1207, 1215 § 4 (1957) (lists the factors to consider in this decision).

In conclusion, we reverse and remand this case for the trial judge to determine if there is competent evidence to support the new order. Although trial judges in these support cases must tread with the angels to find the correct words to put in the orders, the basic rule remains: "Evidence must support findings; findings must support conclusions; conclusions must support the judgment." *Coble*, 300 N.C. at 714, 268 S.E. 2d at 190.

## Plaintiff's Appeal

[5] The plaintiff's only argument is that it was error for the trial judge to deny her attorney's fees because there was no allegation or prayer for them in her complaint. The plaintiff moved to amend her complaint to include this allegation before the close of her evidence. The motion was denied at the end of the defendant's evidence.

G.S. 50-13.6 governs the award of attorney's fees in child support cases. It states:

> In an action or proceeding for . . . support . . . of a minor child, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is ade-

quate under the circumstances existing at the time of the institution of the action. . . .

The trial court's determination under this statute is binding absent an abuse of discretion. *Wyche v. Wyche*, 29 N.C. App. 685, 225 S.E. 2d 626, *disc. rev. denied*, 290 N.C. 668, 228 S.E. 2d 459 (1976).

The facts required by the statute must be alleged and proved to support an order for attorney's fees before the abuse of discretion question is reviewable, however. In addition, there must be a finding of fact supported by competent evidence that the supporting spouse has not furnished adequate support. *Hudson v. Hudson*, 299 N.C. 465, 473, 263 S.E. 2d 719, 723-24 (1980).

As a result, the trial judge's refusal to allow the plaintiff to amend her complaint prevented her from alleging the facts required under the statute. The plaintiff argues that this refusal was error because the issues not raised by the pleadings were tried by express or implied consent so as to be treated as if they were in the original pleadings under G.S. 1A-1, Rule 15(b).

G.S. 1A-1, Rule 15(b) states:

When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . . If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

For amendment to be proper under this rule, "there must be evidence of an unpleaded issue introduced without objection, and it must appear that the parties understood, or at least reasonably should have understood, that the evidence was aimed at an issue not expressly pleaded." *Eudy v. Eudy*, 288 N.C. 71, 79, 215 S.E. 2d 782, 788 (1975). The burden is upon the party objecting to the amendment to set forth the grounds for objection and to establish that he will be prejudiced if the motion is allowed. *Vernon v.*

*Crist,* 291 N.C. 646, 231 S.E. 2d 591 (1977). The court's ruling on amendment is not reviewable on appeal absent a showing of abuse of discretion. *Rogers v. Rogers,* 39 N.C. App. 635, 251 S.E. 2d 663 (1979).

It was error not to allow the amendment here. Any evidence offered by the plaintiff on her financial status was relevant to the attorney's fee issue. The defendant has not shown any prejudice except that he did not know that a claim for the fees would be made.

One commentator has pointed out that "the rule favors the proponent" of amendment and concludes that the amendment should be granted in all cases except "where the evidence fails to support a right of recovery under any theory." W. Shuford, N.C. Civil Practice and Procedure § 15-6 (2d ed. 1981).

Because it was error to deny the plaintiff's amendment, the attorney's fee issue must also be considered on remand. As G.S. 50-13.6 provides, the trial judge should determine if the defendant has refused to provide adequate support and if the plaintiff has insufficient means to defray the costs of the action. Based on these facts, any award of attorney's fees is in the trial judge's discretion.

In conclusion, this case is reversed and remanded for appropriate findings of fact and conclusions of law on the issues of 1) the defendant's income and expenses, 2) the child's reasonable needs, 3) the reasonableness of the plaintiff's figures in her financial affidavit, 4) if private school tuition is a reasonable need of the child, and 5) if the plaintiff is entitled to attorney's fees because she has insufficient means to defray the costs of the action and the defendant has refused to provide adequate support.

Reversed and remanded.

Judges BECTON and PHILLIPS concur.