Shaw v. Shaw

---

HATTIE THOMPSON SHAW v. CLIFTON SHAW

No. 8221DC1023

(Filed 6 September 1983)

**Divorce and Alimony § 24.1— child support decree—payment to clerk—credit for direct payments—burden of proof**

In an action to collect arrearages in child support due under a judgment by confession which required payments to be made to the clerk of court, defendant had the burden of proving the amount of any payments made directly to plaintiff and the minor children in order to be given credit for such payments, the trial court erred in denying plaintiff's motion to enforce the collection of arrearages because the court was unable to determine the amount of such direct payments, and the cause is remanded for findings as to whether defendant was entitled to credit for direct payments and the amount thereof.

Shaw v. Shaw

APPEAL by plaintiff from *Alexander, Judge.* Judgment entered 28 June 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 25 August 1983.

This is a civil action wherein plaintiff, wife, seeks to collect arrearages in child support due her from the defendant, husband. On 3 March 1977, a Judgment by Confession was entered against defendant which required him to pay to the Clerk of Superior Court of Forsyth County the sum of sixty dollars per week for the support of the parties' four minor children. On 27 April 1982, plaintiff filed a motion in the cause seeking to enforce the collection of arrearages under this judgment and requesting that the court order a continuing garnishment of defendant's wages to pay both the arrearages and future child support payments as they become due.

In the order dated 28 June 1982, the trial judge made the following pertinent findings of fact:

II. That the records of the Clerk of Court of Forsyth County show that the defendant is in arrears in his payments under the above referenced judgment in the amount of Eight Thousand three hundred thirty-one and 91/100 dollars ($8,331.91) as of June 18, 1982.

III. That the defendant has made payments directly to the plaintiff and the parties' minor children for the benefit of said minor children in an undetermined amount.

Based on the findings of fact, the trial judge made the following pertinent conclusion of law:

I. Notwithstanding the finding of fact that the records in the office of the Forsyth County Clerk of Court show that the defendant is in arrears in his weekly payments to be made under the Judgment by Confession entered in this cause on March 3, 1977, in the amount of Eight Thousand three hundred thirty-one and 91/100 dollars ($8,331.91) as of June 18, 1982, the Court is unable to determine the amount of said arrearages due to the undetermined amount of payments made by the defendant directly to the plaintiff and the minor children of the parties and the Court concludes as a matter of law that the plaintiff's motion to enforce the collection of arrearages should therefore be denied.

Shaw v. Shaw

From that portion of the court's order denying plaintiff's motion to enforce the payment of arrearages, plaintiff appealed.

*William Y. Wilkins and L. Donald Long, Jr., for the plaintiff, appellant.*

*Morrow and Reavis, by John F. Morrow for the defendant, appellee.*

HEDRICK, Judge.

Plaintiff assigns as error that the court's findings of fact do not support its conclusions of law that the court was unable to determine the amount of arrearages due and that plaintiff's motion thus should be denied. Plaintiff also assigns as error the court's failure to make a conclusion of law as to the amount of arrearages owed by defendant. Plaintiff contends she presented a prima facie case that defendant owed a determined amount of child support, and that defendant, by raising the affirmative defense of payment, had the burden of offering proof of any payments made and their amount. Since defendant failed to produce sufficient evidence of payment, plaintiff claims her motion should have been granted.

A delinquent parent's right to receive credit for expenditures paid outside an order of the court in an action to enforce the collection of arrearages in child support was recognized in *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977). There, the Court held "the better view allows credit when equitable considerations exist which would create an injustice if credit were not allowed. Such a determination necessarily must depend upon the facts and circumstances in each case." *Id.* at 81, 231 S.E. 2d at 182. Subsequently, in *Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981), this Court held "[t]he trial court has . . . wide discretion in deciding initially whether justice requires that a credit be given under the facts of each case and then in what amount the credit is to be awarded." *Id.* at 109, 278 S.E. 2d at 264.

While a delinquent parent's right to receive credit for payments made outside of a court order has been recognized, it must be remembered that payment is an affirmative defense and as such it must be pleaded by the party asserting it. N.C. Gen. Stat.

Sec. 1A-1, Rule 8(c). "[T]he general rule is that the burden of showing payment must be assumed by the party interposing it." *Auto Finance Co. v. McDonald,* 249 N.C. 72, 74, 105 S.E. 2d 193, 194 (1958) (citations omitted); *Critcher v. Ogburn,* 30 N.C. App. 182, 186, 226 S.E. 2d 414, 416 (1976). A party seeking credit for payments outside a court order thus has the burden of producing evidence showing that he has made such payments and the amount thereof.

In the instant case, the defendant claimed that he was entitled to credit for payment but failed to show the amount paid. The trial court found that defendant had indeed made payments to plaintiff, but did not find as a fact that defendant was entitled to credit, nor did the court make a finding as to the amount of such credit. The lack of these specific findings prevents this Court from determining whether the trial judge acted properly in denying plaintiff's motion. Because the court's order does not contain sufficient findings to support its judgment, the judgment must be vacated. We remand this case to the District Court for further findings, conclusions, and a judgment consistent with this decision.

Vacated and remanded.

Judges WELLS and PHILLIPS concur.