WILLIAM B. SIMMONS v. ELNA CAROLE M. SIMMONS

No. 848DC665

(Filed 21 May 1985)

**Divorce and Alimony § 24.1— child support—expenses while with father—refusal to give credit**

The trial court did not abuse its discretion in refusing to give the noncustodial father credit against his child support arrearage for expenses incurred while the child spent time with him beyond the time periods provided in a consent order.

APPEAL by plaintiff from *Exum, Judge.* Order entered 28 February 1984 in District Court, LENIOR County. Heard in the Court of Appeals 5 March 1985.

Plaintiff on 16 January 1984 filed a motion in the cause requesting modification of a consent order entered 9 December 1977 granting custody of the parties' minor child to defendant and directing plaintiff to pay $179.00 per month in child support. Although the original consent order provided plaintiff with visitation every other weekend, the minor elected, with his mother's consent, to spend more time with his father than provided for in the order. Since November 1977 the child has stayed 1,101 days with him and 1,160 days with defendant.

Plaintiff paid full support through September 1981. Beginning in October 1981, plaintiff paid support to defendant on a prorata basis of $6.00 per day ($179.00 per month divided by an average thirty day month) for each day the child spent with defendant. Plaintiff reduced these payments without defendant's consent or court approval. Plaintiff has continued to provide for all of the child's clothing, school, medical, dental and personal expenses.

In his motion, plaintiff sought full custody of the minor, or in the alternative, joint custody with defendant, with support to be broken down on a daily basis. Plaintiff also sought to be relieved from the $2,928.50 in arrearages which had accrued. Because plaintiff made payments to defendant while the child was actually residing with him and because he paid $5,625.18 in other miscellaneous expenses for the child, plaintiff contends he should receive a "credit" against his entire arrearage.

The court awarded joint custody of the child to plaintiff and defendant and directed plaintiff to pay $89.50 per month in support to defendant, one-half of the original amount, based on the assumption that the child will continue to reside one-half of the time with plaintiff. The court also concluded that it should not forgive the arrears of $2,928.50 and directed plaintiff to pay $50.00 per month on the arrearage. Plaintiff appealed.

*Perry, Perry & Perry by Warren S. Perry for plaintiff-appellant.*

*Beech & Jones by Paul L. Jones for defendant-appellee.*

PARKER, Judge.

In his sole assignment of error, plaintiff contends the lower court erred in concluding as a matter of law that it should not forgive the arrearage of $2,928.50. We disagree.

This Court has previously held that the noncustodial parent is not entitled as a matter of law to a credit against accrued arrearage in child support for expenses incurred while the child was with the noncustodial parent. *Goodson v. Goodson,* 32 N.C. App. 76, 231 S.E. 2d 178 (1977). Each case must be decided upon its own facts, and the guiding principle is whether an injustice would exist if a credit is not given. The decision to allow, or disallow, such credit is a matter within the discretion of the trial judge. *Jones v. Jones,* 52 N.C. App. 104, 278 S.E. 2d 260 (1981) and *Lynn v. Lynn,* 44 N.C. App. 148, 260 S.E. 2d 682 (1979).

While the ruling on this point is contained in the conclusions of law, the wording that, "the Court should not forgive" manifests that the trial judge did not misapprehend his discretionary authority to grant such relief.

In *Evans v. Craddock,* 61 N.C. App. 438, 300 S.E. 2d 908 (1983), this Court held the trial court did not abuse its discretion in denying the noncustodial father credit against his child support obligation for a four to five week period during which the minor child actually resided with the father. Similarly, in *Gibson v. Gibson,* 68 N.C. App. 566, 316 S.E. 2d 99 (1984), this Court rejected plaintiff's argument that substantial visitation with the noncustodial parent relieves the custodial parent of some of the fixed expenses of the child and held:

> The fact that a child spends a certain amount of time with one parent does not necessarily mean, as plaintiff would have us to assume, that his reasonable and necessary living expenses are incurred proportionally.

The pattern of unilateral reduction in support payments had continued in the instant case for over two years before plaintiff moved for modification of the 1977 consent order. As this Court stated in *Lynn v. Lynn, supra,* "[a] party bound by court order to make payments to another party may not, without risk of violation, unilaterally modify the form of compensation provided in the order."

Although plaintiff argues that the facts here justify credit for the time the child spent with him beyond the time periods originally contemplated by the parties, we find no abuse of discretion by the trial court in not giving him that credit.

The judgment appealed from is

Affirmed.

Judges ARNOLD and EAGLES concur.