DOUCET, Judge.
This is a suit to recover an overpayment of alimony made by plaintiff to defendant, his former wife. Plaintiff began paying alimony at a rate of $650.00 per month pursuant to a court order dated November 24, 1974. The parties were divorced on January 20, 1976, and the payments continued at that rate. On June 29, 1976, by a subsequent court order, the amount of the payments ordered was reduced to $525.00 per month.
Plaintiff erroneously continued making the payments at the higher rate until October of 1977, resulting in an overpayment of $1,320.00. The trial court awarded this amount to him. Defendant appeals.
There are three issues raised in this appeal.
(1) Did the Opelousas City Court have subject matter jurisdiction in view of the restrictions contained in Louisiana Code of Civil Procedure article 4836?
(2) Did plaintiff carry his burden of proving that the overpayment had been made in error?
(3) Did the trial court err in failing to find that a compromise agreement entered into by the parties on September 22, 1977 extinguished this claim?
The following is the portion of the Louisiana Code of Civil Procedure article 4836 which is relevant to this case:
*1139 “A justice of the peace, or city court other than one in New Orleans, has no jurisdiction of any of the following cases or proceedings:
. (2) A case in which it is sought to obtain judgment of annulment of marriage, separation from bed and board, divorce, separation of property, or for alimony . . .
We agree with the trial court that this provision has no bearing on an action for the return of an overpayment of money which happened to be made pursuant to a court order to pay alimony. The jurisprudential limitations set forth clearly eliminate the possibility of a city court, other than one in New Orleans, assuming the heavy burden of deciding issues of family law. However, as found by the trial court, no domestic issues are raised by this dispute. There is no need to consider the numerous factors involved in an award of alimony. The issue raised was whether or not a specific amount of money, which amount was within the jurisdictional limitations imposed on the trial court, had been erroneously paid. Therefore, the City Court of Opelousas had jurisdiction to decide this case.
Defendant submits that plaintiff did not carry his burden of proving that the overpayment was made in error. The record contains ample support for the trial court’s finding that the overpayment was the result of an error rather than an intent to bestow a gratuity. There being no manifest error, the trial court’s determination must stand. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Defendant also contends that the compromise agreement entered into by the parties on September 22, 1977 was intended to embrace the claim for overpayment of alimony. By its express terms, the agreement deals only with the community of property formerly existing between the spouses. We find no basis for inferring a broader intent. We agree with the finding of the trial court that the agreement has no bearing on this case.
For these reasons, the judgment of the trial court is affirmed. The costs of this proceeding are assessed against defendant-appellant.
AFFIRMED.