**BRINKLEY v. BRINKLEY**

[135 N.C. App. 608 (1999)]

TERICA BRINKLEY (HARVEY), Plaintiff-Appellant v. JEFFREY CLARK BRINKLEY, Defendant-Appellee

No. COA99-38

(Filed 16 November 1999)

**1. Child Support, Custody, and Visitation— support—modification—college fund—findings not supported by evidence**

In a case involving modification of child support, the trial court's findings of fact that defendant-father testified the parties agreed the excess payments would be invested in a college fund is not supported by the evidence because: (1) defendant merely testified that he "thought" plaintiff-mother was investing the increased amount in a college fund of some sort; (2) if the trial court found plaintiff credible, there was ample evidence from which the trial court could find the parties agreed on an increase in child support just as she testified; and (3) even if defendant's contention was true, any breach of such an agreement would be more properly the subject of a breach of contract action instead of part of this child support action.

**2. Child Support, Custody, and Visitation— support—modification—improper credit—obligations owed between spouses—college fund**

Although the trial court properly modified defendant-father's child support to $927.00 each month pursuant to the child support guidelines, it improperly gave him a credit for the amount he paid above his 1989 court-ordered child support obligation and for the amount plaintiff-mother owed defendant under the parties' equitable distribution judgment because: (1) as a matter of sound public policy, child support obligations may not be offset by other obligations owed by one spouse to the other spouse; (2) credit is appropriate only when an injustice would exist if credit were not given; and (3) any amounts defendant voluntarily paid to establish a college fund for the minor child could not be considered child support since defendant could not be required to pay college expenses.

Appeal by plaintiff from order entered 24 August 1998 by Judge Rebecca B. Knight in Buncombe County District Court. Heard in the Court of Appeals 7 October 1999.

BRINKLEY v. BRINKLEY

[135 N.C. App. 608 (1999)]

Terica Brinkley Harvey (plaintiff) and Jeffrey Clark Brinkley (defendant) are former spouses. Plaintiff has custody of the minor child born to their marriage. In 1989, upon the dissolution of the marriage, defendant was ordered to pay child support in the amount of $420.00 per month. In 1995, after discussions between the parties and without modification of the 1989 court order, defendant increased the support payments to $750.00 per month.

In 1998, plaintiff moved to modify the child support order based on a substantial change in circumstances. In response, defendant moved that the trial court deviate from the child support guidelines because application of the guidelines would result in an amount of support which would "exceed the reasonable needs of the minor child and result in an unjust and inappropriate support obligation." Defendant also moved that he be given a credit against future child support for both the increased amount of child support he had paid since 1995 and for an additional $500.00 owed to him by plaintiff pursuant to an equitable distribution judgment. Defendant testified that he thought the 1995 increase in child support was to be used to establish a college fund for the child, that plaintiff did not do so, and that defendant should be entitled to a credit for the amount he paid in excess of $420.00 per month. Plaintiff testified that defendant's child support obligation in 1995, calculated pursuant to the guidelines then in effect, was $787.00 per month. She further testified that defendant agreed to pay $750.00 per month as child support to avoid court action.

Following a bench trial, the trial court ordered that, pursuant to the child support guidelines, the defendant's monthly child support obligation be increased to $927.00 per month effective 1 August 1998. However, the trial court also ordered that the defendant was to have credit against future child support payments in the total amount of $12,935.50, which sum represented the increased amount of child support he had paid since 1995 in the amount of $12,435.50, and an additional $500.00 for the amount due him under the parties' equitable distribution judgment. Defendant was allowed to reduce his child support payments to an amount no less than $500.00 per month until he had exhausted his total credit, at which time the child support payments would revert to $927.00 per month. Plaintiff appealed.

*Mary Elizabeth Arrowood for plaintiff appellant.*

*Robert E. Riddle for defendant appellee.*

HORTON, Judge.

Plaintiff assigns as error the deviation from the child support guidelines by the trial court, as well as the findings of fact made by the trial court.

At the time this matter was heard in the trial court, plaintiff had gross monthly income of $1,775.00 and defendant had gross monthly income of $7,080.00. The trial court applied the guidelines and determined that the defendant's portion of the child's monthly support was $927.00. Neither party objected to that calculation. The trial court then ordered that the defendant pay the sum of $927.00 each month to be disbursed to plaintiff as support for their child. Thus, the trial court did not deviate from the amount of child support which resulted from application of the child support guidelines. The question actually raised by plaintiff's argument is whether defendant is entitled to a "credit" against his future child support payments for the $12,435.50 defendant paid over and above his court-ordered obligation and credit for the $500.00 plaintiff owes him as a result of the equitable distribution judgment. The trial court made the following findings with regard to this issue:

> 5. That the plaintiff was ordered by Judge Roda on September 26, 1990 to reimburse the defendant $500.; the plaintiff did not do so and it would be equitable for the defendant to get a $500.00 credit on his child support obligation.
>
> 6. That the defendant has paid $12,435.50 as of July 10, 1998 in excess on the child support obligation that was ordered. The defendant testified that he did so because the plaintiff and defendant *agreed* the extra sums would be applied to a college fund on behalf of the minor child. The plaintiff testified it was pursuant to an oral agreement between the plaintiff and defendant to increase child support. That there are no written agreements or court orders addressing the overpayments and how they should be considered. That there is insufficient evidence to find meeting of the minds on this issue.

(Emphasis added.)

Based on those findings, the trial court concluded as a matter of law:

> 2. That the defendant is entitled to a credit in the amount of $12,435.50 on his child support obligation. There is insufficient

**BRINKLEY v. BRINKLEY**

[135 N.C. App. 608 (1999)]

evidence to conclude there was a contractual agreement by the parties for an increase in support. A $500 credit should be applied to the child support obligation to satisfy the requirements of Judge Roda's order.

[1] Plaintiff contends, among other things, that the findings of the court are not supported by evidence of record. We agree.

In this case the parties did not submit a transcript of the motion hearing, but included in the record on appeal a narrative summary of the testimony at that hearing. According to the narrative, plaintiff testified that in 1995 she contacted the Buncombe County Child Support Enforcement Office (Buncombe CSE) to seek assistance in obtaining an increase in child support. Plaintiff was informed by that agency that defendant should be paying $787.00 as child support pursuant to the guidelines. The Buncombe CSE in turn contacted defendant. Plaintiff further testified that defendant contacted her and agreed to pay the sum of $750.00 per month if she disengaged the Buncombe County CSE; that plaintiff accepted the offer, and that defendant began paying $750.00 per month. Plaintiff testified that at no time did she agree that a part of the child support payment would be for college expenses and that she would not have agreed to such an arrangement. Defendant testified as follows:

> I was ordered to pay child support in the amount of $420.00 per month and I have exceeded those payments. *I thought Mrs. Harvey was investing the extra money into a college fund for Brittany.* I have overpaid child support and should have a credit.
>
> . . . .
>
> Plaintiff has not paid the $500.00 she owes to me pursuant to the Equitable Distribution Judgment for the ITT debt and I should receive a credit against child support.

(Emphasis added.)

Defendant's testimony that he "thought" plaintiff was investing the increased amount of child support in a college fund of some sort does not support the finding of the trial court that the defendant testified that the parties <u>agreed</u> that the excess payments would be invested in a college fund. Plaintiff testified clearly and unequivocally about the agreement between the parties. If the trial court found her testimony to be credible, there was ample evidence from which the trial court could find that the parties agreed on an increase in child

support just as plaintiff testified. Furthermore, even if we accept, for the purposes of argument, the defendant's contention that there was a contractual agreement between plaintiff and defendant regarding the establishment of a separate college fund for the parties' child, any breach of such an agreement would be more properly the subject of an action for breach of contract, not part of this child support action.

[2] Our legislature has declared that the purpose of child support is to provide for the "reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties . . . ." N.C. Gen. Stat. § 50-13.4(c) (Cum. Supp. 1998). Child support may not be used as a bargaining chip in the resolution of property or custody disputes. Our view is supported by the fact that equitable distribution actions are decided independently of support actions. *See* N.C. Gen. Stat. § 50-20(f) (Cum. Supp. 1998) ("[t]he court shall provide for an equitable distribution without regard to . . . support of the children of both parties[]"). As a matter of sound public policy, child support obligations may not be offset by other obligations owed by one spouse to the other spouse.

We further note that the imposition of a credit is not an automatic right even when the trial court finds that one party has overpaid his child support obligation. We held in *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E.2d 178 (1977), that there are no "hard and fast rules" when dealing with the issue of child support credits. Instead, "the controlling principle is that credit is appropriate only when an injustice would exist if credit were not given." *Id.* at 81, 231 S.E.2d at 182. *See, in accord, Jones v. Jones*, 52 N.C. App. 104, 278 S.E.2d 260 (1981). Thus, in those rare cases in which the trial court properly awards a credit against a child support award, it should conclude in its written order that, as a matter of law, an injustice would exist if the credit were not allowed and should support that conclusion by findings of fact based on competent evidence.

In *Goodson*, the payor father contended that he was entitled to credit for "certain expenses incurred for clothing, food, recreation, and medical treatment [for the child]." *Id.* In *Jones*, the payor father claimed credit for amounts expended for clothing, food, day-care costs, YMCA fees, and medical expenses for the children. *Jones*, 52 N.C. App. at 106-07, 278 S.E.2d at 262. Neither case supports the proposition that a child support payor could be entitled to credit for the alleged breach by the child support recipient of a contract to

establish an education fund for the child. Here, defendant does not contend that he paid his child support in advance, or that he paid the additional amounts *as child support*, but contends that he was paying an amount to be used to establish a college education fund for the child. Since the defendant could not be required to pay college expenses for his child, any such amounts voluntarily paid by him could not be considered *child support* within the normal meaning of that term. *Bridges v. Bridges*, 85 N.C. App. 524, 528, 355 S.E.2d 230, 232 (1987) ("[I]n the absence of an enforceable contract otherwise obligating a parent, North Carolina courts have no authority to order child support for children who have attained the age of majority unless the child has not completed secondary schooling . . . ."); *see* N.C. Gen. Stat. § 50-13.4(b) (Cum. Supp. 1998).

In conclusion, we affirm that portion of the judgment establishing child support of $927.00 each month pursuant to the child support guidelines, but reverse that portion of the judgment giving defendant a credit for the amount he paid above his 1989 court-ordered child support obligation, and for that amount due defendant under the parties' equitable distribution judgment.

Affirmed in part, reversed in part.

Judges WYNN and EDMUNDS concur.