**OPINION ON REHEARING**



**FILED**

Apr 10 2019, 7:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
WIENEKE LAW OFFICE, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Involuntary
Termination of the Parent-Child
Relationship of D.H., K.H., and
E.H. (Minor Children)

and

L.H. (Mother),

*Appellant-Respondent,*

v.

The Indiana Department of
Child Services,

*Appellee-Petitioner.*

April 10, 2019

Court of Appeals Case No.
18A-JT-1861

Appeal from the Adams Circuit
Court

The Honorable Chad E. Kukelhan,
Judge

Trial Court Cause Nos.
01C01-1801-JT-6
01C01-1801-JT-7
01C01-1801-JT-8

**Bailey, Judge.**

[1] Appellee-Petitioner, Indiana Department of Child Services ("DCS"), filed a petition for rehearing requesting that we reconsider our opinion issued on February 1, 2019. In that opinion, we reversed the termination of L.H.'s ("Mother") parental rights because the pervasive and admitted procedural irregularities in her Child in Need of Services ("CHINS") case violated her due process rights. *L.H. v. Ind. Dep't of Child Serv.* (*In re D.H.*), No. 18A-JT-1861, 2019 WL 406511 (Ind. Ct. App. February 1, 2019). In doing so, we erroneously stated that Indiana Code Section 31-35-2-4.5(d) *required* DCS to state in the termination petition whether there was a basis for filing a motion to dismiss the petition and, if there was such a basis, to file a motion to dismiss. *Id.* at *6, 8-9. We grant DCS's petition for the limited purpose of correcting that error.

[2] As DCS points out, Indiana Code Section 31-35-2-4.5(d) was amended in 2012 to be permissive rather than mandatory; that is, when filing a petition to terminate parental rights, DCS is no longer required to, but rather *permitted* to, state whether there is a basis for filing a motion to dismiss the termination petition and, if there is such a basis, to file a motion to dismiss. *See* IN LEGIS 48-2012 (2012), 2012 Ind. Legis. Serv. P.L. 48-2012 (S.E.A. 286) (WEST). However, the permissive nature of the statute does not change our conclusion that DCS's significant, multiple, and admitted procedural errors throughout Mother's case, including its failure to follow its own mandatory procedures for ensuring the provision of services, violated her due process rights. *See*, *e.g.*, *K.M. v. Ind. Dep't of Child Serv.* (*In re S.L.*), 997 N.E.2d 1114, 1120 (Ind. Ct. App.

2013) (noting "[a]ny procedural irregularities in a CHINS proceeding may be of such significance that they deprive a parent of procedural due process with respect to the termination of his or her parental rights"); *A.S. v. Ind. Dep't of Child Serv.* (*Matter of C.M.S.T.*), 111 N.E.3d 207, 213 (Ind. Ct. App. 2018) (holding that "the chaotic and unprofessional handling" of a CHINS case violated the parents' due process rights, requiring reversal of the termination order).

[3] We therefore clarify that Indiana Code Section 31-35-2-4.5(d) permits, rather than requires, DCS to state in a termination petition whether there is a basis for filing a motion to dismiss the petition and, if there is such a basis, to file the motion to dismiss.

[4] Our opinion is hereby affirmed in all other respects.

Bradford, J., and Brown, J., concur.