

FILED

Jun 04 2020, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, P.C.
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Phillip M. Triplett
Ryan, Moore, Cook, Triplett &
Albertson, LLP
Frankfort, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles B. Eldredge,
*Appellant-Respondent,*

v.

Susan M. Ruch,
*Appellee-Petitioner.*

June 4, 2020

Court of Appeals Case No.
19A-DR-2937

Appeal from the Clinton Circuit
Court

The Honorable Bradley K. Mohler,
Judge

Trial Court Cause No.
12C01-0906-DR-312

**Mathias, Judge.**

[1] Charles B. Eldredge ("Father") appeals the order of the Clinton Circuit Court granting a motion filed by Susan M. Ruch ("Mother") requesting an income withholding order to enforce the court's earlier order requiring Father to pay a portion of his daughter's post-secondary educational expenses. On appeal, Father presents two issues, which we restate as: (1) whether the trial court had

statutory authority to issue an income withholding order for the payment of college expenses; and (2) whether the amount of income withheld by the order exceeds the maximum withholding permissible by federal statute.

We affirm.

## Facts and Procedural History

Mother and Father were married in May 1994 and had one child, M.E. ("Daughter"), who was born in December 1997. The marriage between the parties was subsequently dissolved in North Carolina. During the North Carolina dissolution proceedings, Mother and Father entered into a settlement agreement that was accepted and incorporated into the North Carolina trial court's dissolution decree and child support order on July 10, 2000. Pursuant to the support order, Father paid Mother $650 per month in child support.

On November 9, 2009,[1] the parties filed an agreement to modify child support in Clinton Circuit Court, which the trial court granted. On June 1, 2012, Father filed a petition to modify child support again. The parties reached another agreement on this issue, which the trial court accepted on September 17, 2012.

In the spring of 2016, Daughter graduated from high school in Indiana and was admitted to both Purdue University and the University of Findlay in Ohio. In

---

[1] At some point prior to this date, Mother moved to Indiana, and jurisdiction over the child support case was transferred to the Clinton Circuit Court pursuant to the Uniform Interstate Family Support Act ("UIFSA"), Indiana Code Article 31-18.5.

the fall of 2016, Daughter began to attend the University of Findlay. Mother, on December 14, 2016, filed a petition for college expenses in Clinton Circuit Court.

On April 4, 2017, Father filed a motion to dismiss Mother's petition for college expenses, arguing: (1) that the trial court was without authority to issue a new order for post-secondary educational expenses that was unrelated to the existing child-support order, and (2) that an order for post-secondary educational expenses was impermissible under North Carolina law absent an agreement of the parties[2] and was therefore impermissible in the present case.

Following a hearing on Father's motion to dismiss, the trial court denied the motion and entered an order requiring Mother, Father, and Daughter to contribute toward Daughter's college expenses. The trial court's order permitted Daughter to satisfy her obligation by way of scholarships she had received, with Mother and Father contributing the remaining 46% and 54% respectively. The court also ordered that the parents' obligations be limited to the cost of a public, in-state university, or approximately $23,000 annually.[3] The trial court declined to count $1,024 in monthly VA payments Daughter received as a result of Father's military service against the portion of the expenses for which she was

---

[2] *See, e.g.*, *Bridges v. Bridges*, 355 S.E.2d 230, 232 (N.C. Ct. App. 1987) ("[I]n the absence of an enforceable contract otherwise obligating a parent, North Carolina courts have no authority to order child support for children who have attained the age of majority unless the child has not completed secondary schooling[.]") (quoted in *Brinkley v. Brinkley*, 522 S.E.2d 90, 94 (N.C. Ct. App. 1999)).

[3] The court also found that Daughter's desire to attend a smaller school was insufficient to justify the additional expenses associated with a private school such as Findlay.

responsible. The trial court further declined to require Daughter to maintain full-time status as a condition of the parents' obligations.

[8] Father appealed this order, arguing that the trial court erred in ordering him to be responsible for a portion of Daughter's college expenses when there was no such obligation in the original child-support order and where the parties did not agree to provide for such expenses. He also argued that the trial court erred by failing to count Daughter's VA benefits or require her to maintain full-time status. A panel of this court held that Indiana law, not North Carolina law, applied and that, under Indiana law, an award of post-secondary educational expenses was permissible. *See Edlredge v. Ruch*, 12A02-1710-DR-2352, 2018 WL 2092931 at \*6 (Ind. Ct. App. May 1, 2018) (citing *Batterman v. Bender*, 809 N.E.2d 410, 413 (Ind. Ct. App. 2004)), *trans. denied*. We further concluded that the trial court did not abuse its discretion by declining to require Daughter to maintain full-time status or by declining to count her VA benefits toward her obligation to contribute to her educational expenses. *Id.* at 8-10. Our supreme court subsequently denied Father's petition to transfer.[4]

[9] On July 2, 2019, Mother filed a motion requesting an income withholding order. The trial court granted the motion the following day. Father filed a motion to set aside the income withholding order on August 1, 2019, and later

---

[4] We note with some concern that Father's brief does not cite or otherwise mention his first appeal in this case. Even if Father's counsel truly believed that the first appeal was irrelevant to this case, a full recitation of the procedural history of this case should have included the first appeal and our decision therein.

filed an amended motion and a request to stay the withholding order. The trial court held a hearing on these motions on November 15, 2019, and issued an order denying Father's motions that same day. On December 16, 2019, Father filed a notice of appeal.[5]

## I. Statutory Authority to Enter an Income Withholding Order

[10] Father first claims that the trial court lacked statutory authority to enter an income withholding order for post-secondary educational expenses.[6] Income withholding orders for child support are governed by Indiana Code chapter 31-16-15, the first section of which provides, "This chapter applies to child support ordered in any proceeding, including a dissolution of marriage and a paternity

---

[5] Also on December 16, Father filed a motion for relief from judgment, which the trial court denied the following day.

[6] Mother contends that Father's arguments are precluded by the law-of-the-case doctrine. We summarized the law-of-the-case doctrine in *Rapkin Group., Inc. v. Cardinal Ventures, Inc.*, as follows:

> Generally speaking, the law-of-the-case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. The law-of-the-case doctrine is based upon the sound policy that once an issue is litigated and decided, that should be the end of the matter. However, unlike the doctrine of res judicata, the law-of-the-case doctrine is a discretionary tool. Moreover, [w]hen additional information distinguishes the case factually from the case decided in the first appeal, the law of the case doctrine does not apply.

29 N.E.3d 752, 758 n.6 (Ind. Ct. App. 2015) (citations and internal quotation marks omitted), *trans. denied*.

In his reply brief, Father argues that the law-of-the-case doctrine is inapplicable because the issue presented and decided in the first appeal was distinct from the issue presented in the present case. That is, he claims that the issue in the first case was whether the trial court had the authority to issue the educational support order, whereas the question in the present case is whether the trial court had the statutory authority to enforce the educational support order via an income withholding order. Under these facts and circumstances, we decline to apply the law-of-the-case doctrine and address Father's claims on the merits, as is our preference. *See In re D.H.*, 119 N.E.3d 578, 586 (Ind. Ct. App. 2019) (noting our preference to resolve cases on the merits), *adhered to on reh'g*, 122 N.E.3d 832, *trans. denied*.

action." Ind. Code § 31-16-15-0.3. Father argues that an order for post-secondary educational expenses is not "child support" and that an income withholding order is therefore not authorized.

[11] Father also notes that Indiana Code section 31-16-15-2.6 provides that "[a]n income withholding order issued under this chapter remains in effect until a child support obligation, including current child support, child support arrearage, medical support, interest, and fees, is paid in full." Because this section does not explicitly include post-secondary educational expenses, Father contends that an income-withholding order for such expenses is impermissible.

[12] Father is correct that Indiana law generally makes a distinction between a "child support order" and an "educational support order." *See Sutton v. Sutton, 773 N.E.2d 289, 294 (Ind. Ct. App. 2002)* (noting that education expenses are addressed separately from child support) (citing Ind. Code § 31-16-6-2 (authorizing educational support orders)). But this does not mean that an educational support order is unrelated to a child support order. Indeed, Indiana Code section 31-16-6-2(a)(1), provides that a "*child support order or an educational support* order may also include, where appropriate . . . amounts for the child's education in elementary and secondary schools *and at postsecondary educational institutions.*" (emphases added). Thus, either a child support order or an educational support order may include amounts for educational expenses,

including post-secondary educational expenses.[7] In other words, child support orders and educational support orders are not only closely related, they overlap in that they can both include awards for educational expenses.

[13] More importantly, Indiana Code section 31-9-2-58(a) provides:

> (a) 'Income withholding order,' for purposes of IC 31-16-15 and IC 31-16-16, means an order or other legal process directed to an obligor's income payor to withhold:
>
> > (1) *support*; and
> >
> > (2) support fees and maintenance fees as described in IC 33-37-5-6;[8]
>
> from the income of the obligor.

(emphasis added). Accordingly, an "income withholding order" is by definition *not* limited to "child support" but more generally to "support," which includes an order for educational support.

[14] Father also claims that post-secondary educational expenses cannot be considered "child support" because there is no common-law duty to provide a child with a college education. *See Neal v. Austin*, 20 N.E.3d 573, 577 (Ind. Ct. App. 2014). He therefore claims that the statute authorizing a trial court to

---

[7] This would apparently apply to those who begin their post-secondary education prior to reaching the age of majority.

[8] This section "applies to an action in which a final court order requires a person to pay support or maintenance payments through the clerk or the state central collection unit." Ind. Code § 33-37-5-6.

require parents to contribute to a child's post-secondary educational expenses, Indiana Code section 31-16-6-2, must be strictly construed as being in derogation of the common law. *See Campbell v. Eary*, 132 N.E.3d 413, 415 (Ind. Ct. App. 2019) (noting that a statute in derogation of common law must be strictly construed). Accordingly, Father claims that the trial court's order requiring him to contribute to Daughter's post-secondary educational expenses cannot be subject to an income withholding order. We disagree.

[15] Even if we strictly construe the relevant statutes, Father's argument fails. Indiana Code section 31-16-6-2(a) provides explicit statutory authority for the entry of educational support orders for post-secondary education. And the statutory definition of an income withholding order does not limit such withholding orders strictly to child support, but to "support" generally. I.C. § 31-9-2-58(a).

[16] Because the statute defining the term "income withholding order" does not limit such orders strictly to child support, we disagree with Father's argument that strictly construing the relevant statutes supports his position. In short, we reject Father's argument that the trial court had no authority to enforce its educational support order by issuing an income withholding order.

## II. *15 U.S.C. § 1673*

[17] The trial court's income withholding order provided that the amount to be withheld from Father's pay be the lesser of: (1) the amount by which Father's weekly disposable earnings exceed thirty times the current minimum wage, or

(2) fifty percent of his disposable earnings. Appellant's App. pp. 46–47. Father argues that this income withholding order is contrary to the controlling provisions of 15 U.S.C. § 1673, which sets certain limits on garnishments and income withholdings.

[18] Father correctly notes that 15 U.S.C. § 1673(a) generally provides that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed . . . (1) 25 per centum of his disposable earnings for that week" or "(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage," whichever is less.

[19] Subsection (b) of this statute, however, provides an exception to the general rule, stating that "[t]he restrictions of subsection (a) do not apply in the case of . . . (A) any order *for the support of any person* issued by a court of competent jurisdiction[.]" *Id.* § 1673(b)(1)(A). In such cases, "[t]he maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order *for the support of any person* shall not exceed—

> (A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
>
> (B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week[.]

15 U.S.C. § 1673(b)(2) (emphasis added).

[20] Here, the trial court determined that the exception contained in subsection 1673(b)(1)(A) was applicable and that the withholding from Father's pay was limited by subsection 1673(b)(2)(A) to a maximum of fifty percent. Father claims that this was improper and that the withholding order should be limited to twenty-five percent of his weekly disposable income under subsection 1673(a).

[21] Specifically, Father contends that the term "support of any person" used in subsection 1673(b)(1)(A) means support for a "spouse or dependent child," and he claims that Daughter, who is now over the age of eighteen, is no longer a "dependent child." In support of this argument, Father refers to the language in subsection 1673(b)(2)(A), which sets forth the maximum allowable withholding depending upon whether the individual is currently supporting a "*spouse or dependent child* (other than a spouse or child with respect to whose support such order is used)." (emphasis added). Thus, Father argues that the "support of any person" mentioned in subsection 1673(b)(1)(A) must mean the support of a "spouse or dependent child" as used in subsection 1673(b)(2)(A). We disagree.

[22] First, the plain language of subsection 1673(b)(1)(A) simply refers to "the support of *any person*." (emphasis added). An order requiring Father to contribute to the post-secondary educational expenses of Daughter is clearly an order for the support of *any person*.

Moreover, Father's reliance on the term "spouse or dependent child" as used in subsection 1673(b)(2) is misplaced. That subsection is concerned with whether the individual subject to the withholding order is *currently* supporting a spouse or dependent child *other than* a spouse or child who is the beneficiary of the current withholding order. It does not modify the term "any person" as used in subsection 1673(b)(1)(A). In fact, subsection 1673(b)(2) refers to the "spouse or child" who is the beneficiary of the current withholding order and does not limit the applicability of that subsection to a spouse or *dependent* child. In other words, the general rule set forth in subsection 1673(a) is inapplicable in cases involving an order for the support of "any person," which includes a child, whether a dependent child or not.

In summary, the income withholding order is for the support of "any person," i.e., Daughter. Accordingly, the withholding order is not subject to the limitations found in the general rule contained in subsection 1673(a), but to the exceptions to this general rule contained in subsection 1673(b). And the trial court's income withholding order complies with the limitations of the latter subsection. In other words, the trial court's income withholding order is not contrary to the provisions of 15 U.S.C. § 1673.

## Conclusion

The trial court did not lack statutory authority to enter an income withholding order to enforce its earlier order requiring Father to contribute to Daughter's post-secondary educational expenses. Nor does the trial court's withholding

order run afoul of 15 U.S.C. § 1673. We therefore affirm the judgment of the trial court.

[26] Affirmed.

Riley, J., and Tavitas, J., concur.