IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-434

Filed 7 May 2025

Mecklenburg County, No. 14 CVD 2288-590

PAUL DU PLESSIS, Plaintiff,

v.

DEBORAH DU PLESSIS, Defendant.

Appeal by Plaintiff from order entered 5 October 2023 by Judge Roy H. Wiggins in Mecklenburg County District Court. Heard in the Court of Appeals 29 January 2025.

*Plumides, Romano & Johnson, PC, by Attorney Richard B. Johnson, for Plaintiff–Appellant.*

*Conrad Trosch & Kemmy, PA, by Attorney Andrew C. Rheingrover, for Defendant–Appellee.*

MURRY, Judge.

Paul Du Plessis (Plaintiff) appeals from an order denying his motion for reimbursement of $36,010 in alimony overpayments and $3,600 in attorney's fees. For the reasons below, this Court vacates the trial court's order in part and remands for a new hearing to determine whether the overpayments of alimony and attorneys' fees should be reimbursed.

## I. Background

Plaintiff and Deborah Du Plessis (Defendant) married on 9 December 1995 and divorced on 16 June 2015. They had two minor children at the time of their divorce. On 8 October 2015, the trial court ordered Plaintiff to pay Defendant $1,800 per month as alimony, $6,365 in child support arrearages, and $9,000 of Defendant's attorney's fees. Three years later, Defendant moved to modify the amount of alimony, alleging an increase in her reasonable needs and expenses, an increase in Plaintiff's income, and the imminent termination of child support once their younger child reached the age of 18.

After two December 2019 hearings, the trial court found that Defendant could not financially "bridge[ ] the gap between her needs and the $1,800[ ] per month alimony award." The trial court re-calculated and adjusted the parties' respective net income levels and expenses. It then concluded that Plaintiff had underpaid Defendant over the previous three years, putting $33,327 in arrears. As a result, the trial court increased Defendant's monthly alimony payment to $3,249 and increased the term of alimony by two years and nine months. Plaintiff appealed this order on 30 June 2020, which proceeded through litigation with additional appeal and remand to and from this Court.[1]

---

[1] On 2 November 2021, this Court reversed the trial court's order for an abuse of discretion, reasoning that no significant financial change had occurred that would warrant modification of the parties' alimony order. *Du Plessis v. Du Plessis*, 280 N.C. App. 299, 2021 WL 5067592 (2021) (unpublished table decision).

On 6 January 2022 and 4 April 2023, Plaintiff moved for reimbursement, requesting $36,010 and $3,600 in alimony overpayments and attorney's fees, respectively. After a 17 July 2023 hearing, the trial court denied the motion on 4 October 2023. Specifically, the trial court held that, while it "may . . . discretion[arily] . . . credit . . . a party for overpayment" of alimony, it lacked "the authority to [summarily] enter a money judgment" (First Holding). (Citing *Brinkley v. Brinkley*, 135. N.C. App. 608 (1999).) The trial court also held that it lacked the specific "authority to [o]rder a refund for the overpayment of alimony and attorney's fees" (Second Holding).[2] Plaintiff timely appealed this denial on 6 November 2023.

## II.    Jurisdiction

This Court has jurisdiction to hear Defendant's appeal because the trial court's denial of his motion for financial reimbursement is a "final judgment of a district court in a civil action." N.C.G.S. § 7A-27(b)(2) (2023).

## III.    Analysis

On appeal, Plaintiff argues the trial court erred by denying his reimbursement request for purportedly overpaid alimony to Defendant. This Court generally reviews decisions concerning alimony awards only for an abuse of discretion. *Bookholt v. Bookholt*, 136 N.C. App. 247, 249–50 (1999). However, conclusions of law are

---

[2] Throughout, "First Holding" and "Second Holding" correspond to the trial court's Findings of Fact #20–#21. Because these are more properly characterized as conclusions of law than as findings of fact, they have been so designated here.

"reviewable *de novo* on appeal." *Rockwell v. Rockwell*, 77 N.C. App. 381, 383 (1985). Despite their "designat[ions] as . . . finding[s] of fact" in the order itself, *id.*, each Holding "involves the application of legal principles" to fact patterns, *Berens v. Berens*, 247 N.C. App. 12, 19 n.3 (2016), that require "treat[ment] as . . . conclusion[s] of law on appeal." *Rockwell*, 77 N.C. App. at 383. For the reasons below, this Court holds that the trial court erred only in concluding that it lacked the authority to order reimbursement for the overpayment of alimony and attorneys' fees.

## A. Alimony Reimbursement

Our appellate courts have not specifically addressed whether district courts may order reimbursement for alimony overpayments. However, we analogize those reimbursements to overpayments credited for postseparation support and child support. *E.g.*, *Miller v. Miller*, 243 N.C. App. 546 (2015) (postseparation support); *Lasecki v. Lasecki*, 257 N.C. App. 24 (2017) (child support). Trial courts have resolved these latter two situations by crediting the supporting spouse for overpayment either by directly issuing a credit or by reducing the amount of arrearage or future support payments. *See, e.g.*, *Miller*, 243 N.C. App. 531–33 (recognizing trial court's authority to credit husband for income overpayment amidst equitable distribution determination); *Lasecki*, 257 N.C. App. at 39 (noting plaintiff's credit for child-support overpayment via "reduction in . . . calculation of his total . . . arrearage); Order Temp. Child Supp., Postsep. Supp., & Att'ys' Fees, *Altman v. Altman*, No. 23 CV027626-910, 2024 N.C. Trial Order LEXIS 121 (D. Ct. Apr. 3, 2024) (reducing defendant's monthly

postseparation support payment based on earlier overpayment); Order Retro. Child Supp., Postsep. Supp., Alimony, & Att'y's Fees, *Berens v. Berens*, No. 13-CVD-11484 (AVB), 2018 N.C. Trial Order LEXIS 2 (D. Ct. Jul. 20, 2018) (crediting plaintiff for postseparation overpayment). A trial court's reimbursement of a supporting spouse for alimony overpayment aligns with similar treatment of postseparation support and child support overpayments.

The present case can be distinguished from *Brinkley v. Brinkley*, 135 N.C. App. 608 (1999), which the trial court cited to support its denial of Plaintiff's request for reimbursement. In *Brinkley*, the court reversed the trial court's order crediting the defendant for overpayment of his court-ordered child-support obligation. *Id.* at 613. The Court held that the overpayment could not properly be regarded as child support because the defendant voluntarily paid the extra money to establish a college fund for his child. *Id.* Those "amounts voluntarily paid" toward that fund "could not be considered *child support* within the normal meaning of th[e] term" because the father "could not be required to pay college expenses for his child. *Id.* Here, however, Plaintiff's overpayment was involuntary and contributed directly to his court-ordered alimony obligation, not to any separate fund. Thus, appropriate relief for Plaintiff would consist of reimbursement of the alimony overpayment. The Court in *Brinkley* addressed credits for prospective child-support obligations and acknowledged "no hard and fast rules when dealing with the issue of child[-]support credits." *Id.* at 612 (quotation omitted). The Court noted "that the imposition of a credit is not an

automatic right even when the trial court finds that one party has overpaid his child support obligation," but it may be appropriate "when an injustice would exist if credit were not given." *Id.* (quotation omitted); *see Barham v. Barham*, 286 N.C. App. 764, 770 (2022).

Albeit noncontrolling here, numerous persuasive cases from other jurisdictions illustrate the validity of judicial reimbursement as an equitable remedy for alimony overpayments. *E.g.*, *Smith v. Smith*, 928 So. 2d 287 (Ala. Civ. App. 2005) (holding that husband was entitled to alimony reimbursement after previous payment order was overturned on appeal); *In re Marriage of Dandona & Araluce*, 91 Cal. App. 4th 1120 (2001) (holding that supporting spouse may recover overpayments of spousal and child support via retroactive order modifying their respective amounts of such support); *Wolff v. Wolff*, 93 Mass. App. Ct. 1122 (2018) (affirming trial court's order for wife to reimburse husband for alimony overpayment); *DeBlanc v. Mitchell*, 368 So. 2d 1138 (La. Ct. App. 1979) (holding husband's alimony overpayment as recoverable by wife due to clerical error); *Steffens v. Peterson*, 503 N.W.2d 254 (S.D. 1992) (awarding husband alimony reimbursement after retroactive termination of his previous obligations); *Jekot v. Jekot*, 362 S.W.3d 76 (Tenn. Ct. App. 2011) (allowing husband to recover alimony overpayment either by direct reimbursement or by crediting his future obligations). By allowing similar reimbursement as an equitable remedy, North Carolina aligns with these other jurisdictions.

This reimbursement authority continues our previous holding in this case. In 2021, this Court held that the trial court abused its discretion in finding a substantial change in circumstances that warranted modification of the parties' original alimony order. *See Du Plessis v. Du Plessis*, 280 N.C. App. 299, 2021 WL 5067592 (2021) (unpublished table decision). The trial court only had the power to modify the alimony order if a substantial change of financial circumstances had occurred since the order's initial entrance—a condition precedent that the court acknowledged had not occurred. *Id.* at * 4. Given that this Court reversed the trial court's alimony increase as an abuse of discretion, we hold the trial court has the authority at equity to allow Plaintiff to recover the $36,010 he overpaid under that order.

**B. Unjust Enrichment**

Plaintiff's overpayment reimbursement also prevents Defendant's unjust enrichment. Plaintiff argues that an otherwise inequitable result here would irreparably harm him. Because the term of his alimony to Defendant has ended, he has no opportunity to credit any overpayment towards a future obligation. We agree.

Unjust enrichment is "based upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another." *Hinson v. United Fin. Servs., Inc.*, 123 N.C. App. 469, 473 (1996) (quotation omitted). To successfully claim unjust enrichment, a plaintiff must demonstrate that a defendant received "property or benefits . . . under circumstances" that created "a legal or equitable obligation" for that defendant "to account for the benefits received."

*JPMorgan Chase Bank, Nat'l Ass'n v. Browning*, 230 N.C. App. 537, 542 (2013) (quotation omitted). More specifically, unjust enrichment requires a *prima facie* showing that (1) one party conferred to another (2) a measurable benefit (3) that was accepted (4) but which was conferred neither officiously (5) nor gratuitously. *Id.* at 541–42.

Here, Plaintiff meets all five elements of unjust enrichment. He conferred a benefit to Defendant by paying her alimony under the legal direction of the modified order, thus meeting the first, fourth, and fifth elements. He also meets the second and third elements because the alimony payments were specific dollar amounts that Defendant duly accepted by continually receiving them. Thus, all the elements to show a *prima facie* case of unjust enrichment have been met by Plaintiff's overpayment of alimony to Defendant. Restitution made by the unjustly enriched party to the party that has conveyed the benefit is a proper remedy for unjust enrichment. *See Hinson*, 123 N.C. App. at 473. We hold that the trial court has the authority to allow reimbursement to be made to Plaintiff for his overpayment of alimony as a remedy for unjust enrichment.

## IV.    Conclusion

For the reasons discussed above, this Court holds that the trial court has the discretionary authority to order reimbursement for the overpayments of alimony and attorneys' fees. Thus, this Court vacates the First and Second Holdings and remands

for a new hearing to determine whether the overpayments of alimony and attorneys' fees should be reimbursed.

VACATED IN PART AND REMANDED.

Judges ARROWOOD and GORE concur.

Report per Rule 30(e).